-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID C. PETTIGREW,

                    Plaintiff,

                                                                    DECISION AND ORDER
          -v-                                                       13-CV-0657Sc

PATRICK J. REEVES,

                    Defendant.

_____



## **INTRODUCTION**

          Plaintiff, David C. Pettigrew, an inmate at the Coxsackie Correctional Facility, filed a *pro se* Complaint against Pembroke Town Justice Robert E. Alexander, Genesee County Assistant District Attorney Robert Zickl, and Genesee County Deputy Sheriff Patrick J. Reeves, alleging claims of false arrest and malicious prosecution in relation to an arrest by Deputy Reeves on July 2, 2006.  Plaintiff was arrested on a charge of Sexual Misconduct, in violation of N.Y. Penal L., § 130.20(2), and pleaded guilty on or about June 29, 2007, to an Information charging him with Sexual Abuse in the Second Degree, in violation of N.Y. Penal L., § 130.60.  The conviction was later vacated on or about June 23, 2010, on the basis that the facts alleged in the Information signed by Deputy Reeves did not establish the offense of Sexual Abuse in the Second Degree.

          The Court, upon review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, dismissed the claims against Town Justice Alexander and Assistant District Attorney Zickl based on absolute judicial and prosecutorial immunity. (Dkt. # 4, "Decision and Order.")  The Court also found that the false arrest claim against Deputy Reeves was time barred but, pursuant to *Abbas v.*

*Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), provided Plaintiff an opportunity to amend the Complaint and show cause why his false arrest claim should not be dismissed.  The Court also provided Plaintiff an opportunity to file an amended complaint with respect to the malicious prosecution claim against Deputy Reeves because the Complaint failed to state a claim upon which relief could be granted.  (Dkt. #4 at 6-9.)  Plaintiff has now filed an Amended Complaint alleging false arrest and malicious prosecution against Deputy Reeves only.  For the reasons set forth below, the false arrest claim is dismissed, but the malicious prosecution claim will proceed to service.[1]

## DISCUSSION

Plaintiff's Amended Complaint alleges that he was both arrested by Deputy Reeves on a charge of Sexual Misconduct and arraigned before Judge Alexander on July 2, 2006.  As noted in the Court's initial Decision and Order, the statute of limitations for § 1983 actions arising in New York is three years, *see, e.g.*, *Shomo v. City of N.Y.*, 579 F.3d 176, 181 (2d Cir. 2009), and claims for false arrest accrue "when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (noting that false arrest and false imprisonment claims overlap).  "[A] false imprisonment ends once the victim becomes held pursuant to [legal] process–when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*  Because Plaintiff was arraigned on July 2, 2006–almost seven years prior to commencing this action on June 17, 2013 (Dkt. #4 at 8, n.1)–Plaintiff's false arrest claim is time barred.  Plaintiff has also not alleged any facts to

---

[1]In allowing the malicious prosecution claim to proceed and directing a response to it, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

support a claim for equitable tolling, *see Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), and accordingly, Plaintiff's false arrest claim against Deputy Reeves is dismissed with prejudice.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's false arrest claim is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve copies of the Summons, Amended Complaint, and this Order upon Deputy Patrick J. Reeves, Genesee County Sheriff's Department, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the Defendant is directed to respond to the Amended Complaint.

SO ORDERED.

Dated: June 16, 2014
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge